**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY T. TANKER,** | ) | CASE NO. 1:15 CV 469 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **COMMISSIONER OF SOC. SEC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Petitioner Anthony Tanker's Petition for Writ of Mandamus (**Doc #: 1** ("Petition")) and Defendant Commissioner of Social Security's Motion to Dismiss (**Doc #: 9** ("Motion" or "Motion to Dismiss")). For the following reasons, the Motion to Dismiss is **GRANTED**, and the Petition is **DISMISSED WITH PREJUDICE**.

**I.**

On July 6, 2009, Petitioner Anthony T. Tanker was convicted of two felonies in the U.S. District Court for the Northern District of Ohio. (Doc #: 1-10 at 1.) He pled guilty to Theft of Public Money in violation of 18 U.S.C. §§ 641 and 642, and False Statements in violation of 18 U.S.C. § 1001. These convictions were based on Tanker obtaining Social Security benefits to which he was not entitled by failing to disclose to the SSA that he had been married and resided with his criminal co-defendant. (Doc #: 9-1 at 1.) The Court sentenced Tanker to a term of imprisonment of 21 months for each count, to run concurrently. (Id. at 2.) He was also ordered to pay restitution to the Social Security Administration ("SSA") in the amount of $36,096.28.

(Id. at 4.) The Court directed that "[p]ayment shall be payable at a rate of 10% of Defendant's monthly Social Security Disability benefits." (Id. at 5.)

More than five years later, on October 30, 2014, the SSA awarded Tanker supplemental security income ("SSI") in the amount of $420.00 per month, as well as back benefits in the amount of $7,174.00. (Doc #: 1-9 at 2.) But on January 20, 2015, the SSA notified Tanker that it would withhold all of his back benefits and his total monthly benefits until the overpayment of $39,738.78 is repaid. (Id.)

On March 11, 2015, Tanker filed the pending Petition for Writ of Mandamus, asserting that the Court has jurisdiction over it under 28 U.S.C. § 1361. He asks the Court to issue an order compelling the Commissioner to pay him his back benefits and to limit its withholding to only 10% of his monthly SSI benefits based on the language in his criminal restitution order. (Petition at 1.) The Commissioner, in response, has filed the pending Motion to Dismiss, asserting that this Court lacks subject matter jurisdiction over the Petition, and Tanker has failed to state a claim upon which relief may be granted. (Doc #: 9.) Petitioner has filed an opposition brief, and the Commissioner has filed a reply. (Respectively, Doc ##: 10, 11.) The Court has reviewed the briefs, the federal statutes and regulations, and the case law, and is prepared to issue its ruling.

## II.

### A.

"Mandamus is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought. *United States v. Young*, 424 F.3d 424, 504 (6th Cir. 2005) (citing *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995)). For the Court to

accept mandamus jurisdiction, the plaintiff must show that (1) he has exhausted all available administrative remedies, and (2) the Commissioner violated a "clear, nondiscretionary duty" owed to the plaintiff. *Buchanan v. Apfel*, 249 F.3d 485, 491 (6th Cir. 2001) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Tanker contends that the Commissioner violated a clear, nondiscretionary duty by failing to pay heed to the sentencing Court's restitution order. Absent a clear, nondiscretionary duty, the district court lacks subject matter jurisdiction over the plaintiff's mandamus claim. *City of Olmsted Falls v. US EPA*, 233 F.Supp.2d 890, 905 (N.D. Ohio 2002) (citing *Buchanan*, 249 F.3d at 491 and *Heckler*, 466 U.S. at 616)). The writ-seeker bears the burden of proving that his right to the issuance of the writ is clear and indisputable. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988).

**B.**

"The Social Security Act authorizes the SSA to recoup overpayments as prescribed by regulation. *United States v. Young*, No. 1:10 CR 6-TBR-2, 2012 WL 402377342, at *3 (W.D. Ky. Sep. 12, 2012) (citing 20 U.S.C. § 404(a)(1)); see also 42 U.S.C. § 1383(b). Regulations promulgated thereunder provide that the SSA may withhold monthly benefits as an offset in order to recoup an overpayment. The federal regulations addressing SSI provides,

> Any adjustment or recovery of an overpayment for an individual in current payment status is limited in amount in any month to the lesser of (1) the amount of the individual's benefit payment for that month, or (2) an amount equal to 10 percent of the individual's total income . . .. An appropriate rate is one that will not deprive the individual of income required for ordinary living expenses. This will include an evaluation of the individual's income, resources, and other financial obligations.

20 C.F.R. § 416.57. However,

> The 10-percent limitation <u>does not apply</u> where it is determined that the overpayment occurred because of fraud, willful misrepresentation, or

-3-

> <u>concealment of material information</u> committed by the individual or his or her spouse. Concealment of material information means an intentional, knowing, and purposeful delay in making or failure to make a report that will affect payment amount and/or eligibility. It does not include a mere omission on the part of the recipient; it is an affirmative act to conceal.

Id. (emphasis added). The same holds true for Social Security disability insurance benefits ("DIB"). See 20 C.F.R. §§ 404.502(c)(1) and (2) (declining to limit withholding of DIB for financial hardship "if the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information.")

It is undisputed that Tanker admitted committing theft of public funds by willfully concealing his marriage from the SSA in order to obtain Social Security benefits to which he was not entitled. Thus, the applicable statutes and regulations direct the SSA to withhold Tanker's SSI until the overpayment is recouped. *Young*, 2012 WL 402377342 at *3; *United States v. Nelson*, No. 03-80712, 2013 WL 3381436, at *2-3 (E.D. Mich. Jul. 8, 2013) (citing *United States v. Brown*, No. 09-116, 2012 WL 75105, at *3 (W.D. Pa. Jan. 10, 2012)).

Tanker concedes that the 10% limitation of withholding does not apply to DIB when the overpayment is due to fraud, but asserts that there is no similar regulation when it comes to SSI. (See Doc #: 10, at 3.) Not so. As quoted above, the SSA is directed <u>not</u> to limit withholding of monthly DIB or SSI benefits to 10% when the claimant's overpayment is due to fraud or material concealment. See 20 C.F.R. § 416.56 (applying to SSI) and 20 C.F.R. § 404.502(c)(2) (applying to DIB).

When making an administrative determination about fraud, the SSA's Program Operations Manual System ("POMS") sets out the procedures for making that determination.

When there is court-ordered restitution, the SSA is instructed to use that as definitive evidence of fraud, and withhold 100% of the claimant's benefits when the person becomes entitled. See POMS GN 02201.055(C)(6) (Doc #: 9-4 at 3) ("If any benefit payments become due after conviction, withhold them at the full monthly benefit payment until the overpayment is recovered.") Tanker contends that POMS is not the law, and he is right.[1]

As shown above, however, the federal regulations plainly support the Commissioner's position. Moreover, district courts in the Sixth Circuit have held that a restitution order from a criminal case does not limit the SSA's statutory or regulatory authority for recovering losses caused by a defendant's wrongful acts. *Young*, 2012 WL 402377342 at *3; *Nelson*, 2013 WL 3381436, at *2-3; *Brown*, 2012 WL 75105, at *3. Tanker provides no authority to suggest that the SSA's recoupment power is limited to the sentencing court's restitution order, and nothing in Tanker's restitution order purports to limit the SSA's recoupment procedures.

Tanker, as writ-seeker, has the burden of showing that the Commissioner violated a clear, nondiscretionary duty by failing to pay heed to the sentencing Court's restitution order. Because Tanker has failed to cite a single case supporting his position, and because federal regulations and case law unequivocally support the Commissioner's position, the Court finds that it lacks jurisdiction over Tanker's Petition.

---

[1]*See Bronstein v. Apfel*, 158 F.Supp.2d 1208 (D. Colo. 2001):

"POMS sets forth the SSA's official policies and procedures for carrying out its responsibilities under the Social Security Act. . . . While these policies and procedures do not have the force of law and are not binding on the agency, . . . they represent the SSA's interpretation of the law, including its governing statutes and regulations. *See, e.g., Wilson v. Apfel*, 81 F.Supp.2d 649, 653 (W.D.Va. 2000)."

*Id*. at 1210 n.1.

**III.**

Accordingly, the Commissioner's Motion to Dismiss (**Doc #: 9**) is **GRANTED**; and the Petition for Writ of Mandamus (**Doc #: 1**) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                               */s/ Dan A. Polster    August 24, 2015*
                                               **Dan Aaron Polster**
                                               **United States District Judge**